```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

RAMON P. MONTERO, et al.,         )
                                  )
         Plaintiffs,              )
                                  )
    v.                            )    1:05cv912(JCC)
                                  )
MALLOY ASSOCIATES, LLC, et al.,   )
                                  )
         Defendants.              )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Motion of the Defendants, Malloy Associates, LLC, and Craig C. Malloy, to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, to transfer to the Western District of Virginia pursuant to 28 U.S.C. § 1404. For the following reasons, the Court will deny Defendants' motions.

### **I.   Background**

Defendant Malloy Associates, LLC ("Malloy Associates") is a Virginia limited liability company that maintains its principal place of business in Culpeper, Virginia. Defendant Craig C. Malloy is a resident of Culpeper. Defendants are engaged in the construction business and hired Plaintiffs for work on several remodeling projects in northern Virginia during the spring and early summer of 2005. Of the ten Plaintiffs, eight reside in Fairfax County and two reside in Prince William County.

Plaintiffs' Complaint in this action alleges that Defendants failed to pay Plaintiffs for all overtime hours worked during the course of their employment and that Defendants failed to pay Plaintiffs at all during the last few weeks of their employment.  Plaintiffs brought suit under the Fair Labor Standards Act, claiming that this failure to pay overtime and minimum wages constituted a willful violation of 29 U.S.C. §§ 206(a) and 207(a).  Plaintiffs also raised a state law breach of contract claim.  Defendants have filed a Motion seeking to dismiss the action based on improper venue or, in the alternative, transfer the action to the Western District of Virginia.  This Motion is currently before the Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(3) permits dismissal of an action where the venue is improper.  In a civil action in which jurisdiction is not based solely on diversity of citizenship, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Furthermore, a civil action must also be brought in the proper division of the Eastern District of Virginia, which is determined by applying § 1391 after

substituting the word "division" for the terms "judicial district" and "district." E.D. Va. R. 3(C).

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This rather ambiguous standard has been interpreted to require consideration of the following four factors: (1) the plaintiffs' choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice. *Bd. of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256-62 (E.D. Va. 1988). In applying these factors, a Court must remember that "the plaintiff's choice of forum is entitled to substantial weight, and should be abandoned only if the defendant can show that it is clearly outweighed by other factors." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999) (internal citation and quotation omitted).

### III.  Analysis

A.  Motion to Dismiss

Defendants argue that Rule 12(b)(3) of the Federal Rules of Civil Procedure requires dismissal of this action, as the only proper venue is the Western District of Virginia. Defendants submit that Malloy is a resident of Culpeper,

Virginia, which is within the Western District, and that Culpeper is also the principal place of business of Malloy Associates. Defendants also contend that Plaintiffs have failed to allege any events or omissions within the Alexandria Division that give rise to their claims. The Court disagrees with both arguments.

Where all defendants reside in the same state, venue is proper in "a judicial district where any defendant resides . . . ." 28 U.S.C. § 1391(b)(1). There is no question that both defendants in this case reside in Virginia, and that venue is therefore proper in this Court if any defendant resides within the Alexandria Division's territorial jurisdiction. For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district [and division] in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). While Malloy Associates's principal place of business is outside of the Alexandria Division, Malloy Associates is subject to this Court's personal jurisdiction if it purposefully directed its activities at residents within the Alexandria Division and if Plaintiffs' claims arise out of or relate to those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Malloy Associates purposefully directed its activities at Alexandria Division residents in two ways. First, Plaintiffs have submitted a document showing that Malloy Associates engaged

in remodeling projects within Clifton, Woodbridge, Dale City, Burke, Leesburg, and Centreville, (Pl. Opp'n Ex. 1), all of which are within the Alexandria Division.  *See* E.D. Va. R. 3(B)(1).  Defendants do not dispute the validity of this document for purposes of this Motion.  Second, Malloy Associates hired the Plaintiffs, all of whom are Alexandria Division residents.  Furthermore, it appears that this lawsuit arises out of Malloy Associates's activities within the Alexandria Division, as Plaintiffs' claims are based on work done in Malloy Associates's employ during the course of these remodeling projects.  The activities of Malloy Associates clearly satisfy the "minimum contacts" test set forth in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.  As such, Malloy Associates is deemed to reside in the Alexandria Division.  28 U.S.C. § 1391(c).  Because all defendants reside within the Commonwealth of Virginia, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

Finally, venue is also proper in the division of the Eastern District of Virginia "in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(2).  As already stated, Plaintiffs' claims for unpaid wages are based in part on work performed within the Alexandria Division.  This Court is therefore also a proper venue

pursuant to subsection (b)(2). Accordingly, the Court will deny Defendants' Motion to dismiss for improper venue.

B. Motion to Transfer

Defendants' Motion requests the Court, in the alternative, to transfer this action to the Western District of Virginia. As a threshold matter, the proposed transferee forum must be one in which the suit might have been brought. 28 U.S.C. § 1404(a). Because both defendants in this action are Culpeper residents, venue would be proper in the Western District of Virginia under 28 U.S.C. § 1391(b)(1).

The decision whether to transfer an action is committed to this Court's discretion. *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984). A party seeking a discretionary transfer "bears the burden of demonstrating that the balance of convenience among the parties and witnesses is strongly in favor of the forum to which transfer is sought." *Nossen v. Hoy*, 750 F. Supp. 740, 742 (E.D. Va. 1990). Inconvenience to the movant, by itself, is not a sufficient reason for a transfer under § 1404(a), and "the plaintiff's choice of forum should rarely be disturbed unless the balance of hardships clearly favors transfer." *Id.*

Defendants primarily rely on the purported inconvenience to the parties and to material witnesses, as well as the claimed inconvenience of obtaining relevant business

-6-

records located in Culpeper.[1]  Specifically, Defendants point to the possible testimony of Dale Baker, a Culpeper resident. Defendants argue that Baker made all relevant business decisions on behalf of Malloy Associates and that he continues to retain possession of all Malloy Associates records.[2]  They also submit that Kevin Malloy, a Culpeper resident who subcontracted with Defendants, will be called as a witness.  Defendants do not, however, give any detail as to the expected substance of Kevin Malloy's testimony, and they give no detail as to Baker's involvement other than the fact that he made pertinent business decisions giving rise to Plaintiffs' claims.  Generally, an evaluation of a claim of witness inconvenience necessitates reliable information specifically describing a witness's expected testimony, usually in affidavit form.  *See Bd. of Trustees, Sheet Metal Workers N'tl Fund*, 702 F. Supp. at 1258.  Defendants argue that the testimony of these witnesses and the contents of the business records in Culpeper will be central to the claims in this action; yet, they have submitted no reliable evidence supporting this contention.

---

[1] Defendants' submissions include arguments regarding the plaintiffs' choice of forum and the interests of justice, both of which are factors typically considered in determining whether to transfer a case.  Nevertheless, Defendants' arguments on these points merely rehash the arguments raised in their section addressing party and witness inconvenience, and so the Court will address each of Defendants' arguments in this context.

[2] Defendants have filed a third party complaint, pursuant to Federal Rule of Civil Procedure 14(a), against Baker.

Even upon assuming the centrality of this evidence, the inconvenience caused by the location of these witnesses and the business records is not sufficient to overcome the presumption in favor of Plaintiffs' choice of forum. This is a case in which Plaintiffs' forum choice is entitled to great weight, as Plaintiffs have chosen their home forum, and since Plaintiffs' work conducted in this forum bears some relation to this suit. *See GTE Wireless, Inc*, 71 F. Supp. 2d at 519. As far as witness convenience, the Court notes that each of the ten plaintiffs will likely testify in support of their claims.

Defendants have presented no persuasive factors that would overcome the presumption in favor of Plaintiffs' choice of venue or outweigh the inconvenience Plaintiffs would suffer were this case to be transferred. Under such circumstances, "the result of transfer would serve only to 'shift the balance of inconvenience'" and a transfer is therefore inappropriate. *Bd. of Trustees, Sheet Metal Workers N'tl Fund*, 702 F. Supp. at 1258 (quoting *E. Scientific Marketing v. Tekna-Seal Corp.*, 696 F. Supp. 173, 180 (E.D. Va. 1988). Accordingly, the Court will deny Defendants' Motion to transfer.

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendants' Motion to dismiss and Motion to transfer. An appropriate Order shall issue.

```
October 27, 2005                 _____/s/_____
Alexandria, Virginia                     James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE
```